HAMILTON WOOLEN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29670. Promulgated November 13, 1930.

*H. B. Sampson, Esq.*, and *J. M. Haynes, Esq.*, for the petitioner. *Maxwell E. McDowell, Esq.*, for the respondent.

336

[redacted]

OPINION.

TRAMMELL: Although the petitioner took a deduction of $253,-534.96 in its income-tax return as a loss sustained on the liquidation of the Central Mills Co., it now claims a loss of only $245,752.23, which it computed in the following manner:

| | |
|---|---:|
| Cash dividend paid November 23, 1923 | $110, 000. 00 |
| Balance of assets received in liquidation November 23, 1923 | 368, 074. 40 |
| Total | 478, 074. 40 |
| Earnings accumulated since February 28, 1913, included in above | 246, 254. 95 |
| Return of capital | 231, 819. 45 |
| Cost of stock of Central Mills Co | 477, 571. 68 |
| Return of capital | 231, 819. 45 |
| Loss | 245, 752. 23 |

The respondent in an amended answer admits that he erred in determining that the petitioner realized a taxable gain of $502.72 in the liquidation of Central Mills Co. He denies, however, that the petitioner sustained a deductible loss on the liquidation of that company.

The petitioner contends that under the provisions of section 201 of the Revenue Act of 1921 and under our prior decisions the cash dividend of $110,000 and other assets received in liquidation up to an amount which with the cash dividend of $110,000 would equal $246,254.95, or the amount of the earnings accumulated by the Central Mills Co. subsequent to February 28, 1913, and undistributed on November 23, 1923, constituted a dividend, and the remainder of the assets received in distribution was a return of capital. The respondent contends that the total of the cash dividend of $110,000 and the other assets received in liquidation, or $478,074.40, constituted a return of capital up to the amount of $477,571.68 and the remainder, $502.72, constituted a nontaxable distribution.

Sections 201 and 202 of the Revenue Act of 1921 provide in part as follows:

SEC. 201. (a) That the term "dividend" when used in this title (except in paragraph (10) of subdivision (a) of section 234 and paragraph (4) of subdivision (a) of section 245), means any distribution made by a corporation to its shareholders or members, whether in cash or in other property, out of its earnings or profits, accumulated since February 28, 1913, except a distribution made by a personal service corporation out of earnings or profits accumulated since December 31, 1917, and prior to January 1, 1922.

\* \* \* \* \* \* \*

(c) Any distribution (whether in cash or other property) made by a corporation to its shareholders or members otherwise than out of (1) earnings or profits accumulated since February 28, 1913, or (2) earnings or profits accumulated or increase in value of property accrued prior to March 1, 1913, shall be applied against and reduce the basis provided in section 202 for the purpose of ascertaining the gain derived or the loss sustained from the sale or other disposition of the stock or shares by the distributee.

\* \* \* \* \* \* \*

SEC. 202. (a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property \* \* \*.

In *Frank D. Darrow*, 8 B. T. A. 276, we held that the term "dividend" as defined in section 201 includes distributions in liquidation of a corporation to the extent of the earnings or profits accumulated since February 28, 1913, contained therein and to the extent of these earnings, distributions are taxable as dividends. The ruling in the *Darrow* case was approved and followed in *Philetus W. Gates*, 9 B. T. A. 1133, and *Eric A. Pearson et al.*, 16 B. T. A. 1405.

In the *Pearson* case, the facts were very similar to those here before us. There, a partnership composed of the petitioners was engaged in the investment banking and brokerage business. On June 20, 1922, it purchased all the capital stock of a corporation for $2,172,600.96, the purpose of the partnership in acquiring the stock of the corporation being to "make some money out of the deal and liquidate it at the same time." On June 21, 1922, the corporation had a capital stock of $300,000 and a surplus of $1,898,923.12, of which surplus $1,823,232.38 represented earnings or profits accumulated since February 28, 1913. On June 21, 1922, the directors of the corporation declared a cash dividend of $25 per share on the stock, also distributed as a dividend certain securities owned by the corporation, and further declared a dividend of $99 per share in liquidation of the corporation. Pursuant to this action of the directors the corporation on that day distributed as dividends to the partnership $372,000 in cash, together with securities of the fair market value of $1,823,415.82. On December 29, 1922, pursuant to a resolution of the board of directors of the corporation, there were distributed to the partnership the remaining assets of the corporation, consisting of cash in the amount of $3,507.30. In its return for 1922 the partnership reported that of the amount of $2,195,415.82 received from the corporation on June 21, 1922, $372,183.44 represented a return of capital and $1,823,232.38 represented a dividend paid out of earnings accumulated since February 28, 1913, and taxable to the partners at surtax rates. The partnership also reported a loss of $1,796,910.22 on the liquidation of the corporation, the loss being measured by the difference between the amount paid for the stock, to wit, $2,172,600.96, and the amount theretofore received as a return of capital, to wit, $372,183.44, plus $3,507.30, the amount of the final dividend. Pearson and the other partners in their 1922 returns included in income their respective shares of the dividend as determined by the partnership and also took deductions from gross income of their respective shares of the loss claimed to have been sustained by the partnership in the liquidation of the corporation. We there held that in the light of our prior decisions the distributions, in so far as they represented earnings or profits of the corporation accumulated since February 28, 1913, constituted dividends within the meaning of section 201 of the Revenue Act of 1921

and that the remainder of such distributions should be used as the basis for computing gain or loss under section 202 of that act. See also W. *E. Guild et al.*, 19 B. T. A. 1186; *McCaughn* v. *McCahan*, 39 Fed. (2d) 3.

We think the decisions heretofore mentioned are applicable and controlling here and accordingly hold that in determining taxable net income for the year here involved the petitioner is entitled to a deduction of $245,752.23 as a loss sustained on the liquidation of the Central Mills Co.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*